I'm Tom Kennedy. I represent the Petitioner Appellants and in this discussion I want to talk about the issue of distance. I think that's the biggest issue in the case and whether or not the distance between Petitioner's home and Waterloo, which we suggest is 50 miles round trip, has a significant adverse impact on the educational welfare of a student, kindergarten student, as compared to a 20 minute round trip from the Petitioner's home to Redbud, Illinois. In preparing for this argument I thought well why don't I google the question of distance with the State Board of Education and see whether they have any policies, rules, regulations, anything on the subject of distance. Since I hadn't thought of it before I thought I would look. It turns out that they don't. What they have is a frequently asked question in their section on pupil transportation on the website of the Illinois State Board of Education in which they they respond to the question is there a time limit a student can spend on a school bus? Answer no. However districts are encouraged to limit the travel time to not more than one hour one way. That has never been interpreted, never been discussed in any court case but I will tell you it's a big deal for kids with special needs because very often a kid with very involved with special needs gets put on a school bus and transported to some place like the School for the Deaf in Jacksonville or Hope School in Springfield or some other institution and there's big concern about kids riding buses for a long time. But in the context of annexation cases and detachment cases as this one is I can't find a single case which talks about distances this great. Here the mom testified and the petitioners testified in the hearing that the bus ride to Waterloo involved them going a mile or a mile and a half down the road to an intersection which I would represent to use in the middle of a well that's not on the record and they stay and they go from there they pick up the bus there they ride on a windy curvy road to Waterloo and that takes an hour and 35 minutes and they have to get to the bus stop at 6 35 a.m in the morning. Moms testified if they were going to go to Redbud they would walk down to the end of their driveway where the bus would pick them up at 7 35 in the one way to Redbud to the elementary school there. They've calculated that this is an additional seven and a half hours a week on the bus that a kindergarten kindergartner now six years old would have to spend on the bus frankly for no good reason. The parent's testimony was not contradicted the superintendent of Waterloo agreed that those times were correct more or less give or take 10 minutes. Nobody said in the hearing that a bus ride of that length of time would not adversely affect the educational welfare of a student. There aren't any cases which talk about bus rides of that distance in all the annexation cases that I've looked at and I've looked at all of them going back to the 50s. One of the leading cases is the Jonesboro case which was decided by this court in which the court found that a family that lived in Anna but had to send their kid by bus to Jonesboro to school because that's the district they live in a two-mile bus ride adversely affected the home. So a two-mile bus ride was found to be significant because it affected the time safety effort and expense of the student and it minimized the kid's opportunity to participate in activities at school or for the parents to participate in activities at school and there they were talking about a two-mile bus ride. The case that's the most similar to this case is Fosdyke F-O-S-D-Y-C-K versus regional board and in that case the petitioners were a farm family as the petitioners are here. They came to the school district of Low Point Washburn and they went to the school board before they bought their property and they said we want to buy this property but we want to detach this property from your school district so our kids can go to the Metamora school district where they grew up and where all our contacts are and the school school board said no dice we're not going to detach. So they bought the property farm property they're the only they got the only kids in the detachment area at all. They buy the property then they they file one of these petitions as they did here. They lost. As here the regional board of trustees made no findings of fact whatsoever just said you lose. Then they appeal to the district court the circuit court they lose once again once again no findings of fact they just lose. Then they come to the court of appeals. In that case the distance to Metamora the school they wanted to go to was four point something miles and the school district that within the to the high school. The kids said we want to we want to go to school in Metamora where we grew up. The petitioner said this bus ride is bad for our kids because it's just a big waste of their time. That they would benefit from a shorter distance. The school district said as here well they knew when they moved to our to the Washburn school district that they were going to have to change school districts. They knew it when they bought their house when they moved in. They should be held to that as they've said in this case. And the court in the Fosdye case said that the fact that they knew when they moved into the area quote does not diminish their eligibility to have their petition granted. And the court held in that case that the educational welfare of these kids would be enhanced by the shorter distance between four and eight miles. And you know it's just inescapable that if eight miles is a bad deal for little kids, 50 miles round trip is a heck of a bad deal. Is there an issue regarding the distance? Oh yeah you bet. They've maintained that we didn't prove that there is this 50 mile distance. So yes there is that issue. What's the response to it? The issue is counsel for the respondent at the conclusion of the testimony in his closing statement on page 99 of the record said quote the statute says you can consider these bus rides when there's as much distance as there is here close quote. What that is greater than 10 miles from the exceeds 10 miles from the distance to Redbud. I know that's true. We know it's all true. You the regional board can consider the distance in this bus ride when there's that much distance involved. So counsel said it at the time we maintain that's a judicial admission that they can't change their their tune in the district court and they can't change their here. Further we've said we've said we've suggested to the court that it considered MapQuest or Google Maps or one of the other computer systems to show that the mileage to Waterloo is more than 10 miles greater than the mileage to Redbud. And we've given the court the respondent has cited the case of people versus Clark saying that MapQuest is not reliable. If you look at people versus Clark it's a case involving somebody who is selling heroin within 1,000 feet of a park district or a park. And apparently there's an enhanced penalty when you feet or less from a park. And so the prosecutor was trying to show with MapQuest that this person was selling heroin within 1,000 feet and using MapQuest to prove that. And the court said well this 1,000 foot rule is an element of the case. You've got to prove each element beyond a reasonable doubt. Therefore we're not going to use MapQuest to prove exactly how many feet away from the park he was when he got arrested. In this case we're trying to use MapQuest not to show 1,000 feet or 822 feet or 1,200 feet. We're trying to show that it's 25 miles past in excess of the distance to Redbud. If it may be not good, MapQuest may be no good down to the number of feet but it's certainly good down to the 20 or 30 miles. You know you can use MapQuest to show that. You talk about the bus routes. Yes sir. So was there testimony regarding what the bus route was? Yes sir. That's what you're looking at the map? Yes sir. If you look in the record at pages A10 through A19 those are the bus routes. Those were prepared by the regional superintendent and he indicated to the trustees these are the routes that the bus takes. So we used MapQuest using those addresses to calculate the distance and we came up with 50 miles round trip to Waterloo, 14 miles round trip to Redbud. So you know I think using MapQuest it's possible that the appellate court is entirely within its rights to use a generally accepted system like MapQuest or Google Maps to establish that the distance is greater than 10 miles more than the distance from their home to Redbud. And that's the thing that the court has to do when the statute was amended. The statute was amended to require that the petitioners show that the distance is greater than 10 miles more to the school district that they want to go to compared to the one that they want to detach from. I want to talk a little bit about the, if you have any other questions on distance I'm going to move quickly to one other topic and then I'm going to be done. That is the fact that there just aren't any findings of fact in this case. The petition for annexation and detachment was filed in April of 2016. Pro se, best pro se petition I ever saw. The Waterloo board voted 7-0 to deny the petition. There are no reasons in the record why Waterloo said we're denying the petition. Nobody, there's not a piece of paper, there's not a statement about why Waterloo denied the petition. The regional board of trustees voted 4-3 in May 2016 to deny the petition. The reason given by the president of the regional board was, quote, the board sees no significant direct educational welfare advantage to the child to be in the Redbud school district versus the Waterloo school district. What he's doing is essentially parroting the statute. That's all. That's not a finding of fact. That's a nothing. The written order of the regional board says exactly the same thing. That's on page 126 of the record. Once again, no reason given. The order of the Honorable Dennis Doyle, unfortunately, does the same thing. Simply says it's not against the manifest weight of the evidence, even though counsel and I agree that the proper standard is not manifest weight, but rather clearly erroneous. At any rate, no reason is given whatsoever. Why doesn't a one-hour and 10-minute bus ride adversely affect a kid's educational welfare? If it doesn't, why doesn't? If it does, why does it? There's got to be a reason. This court in the Violette case, I think, said it best in Illinois. It said that, first of all, the court can't ... How can the court make a decision on appellate review if there's no findings? Secondly, the petitioner, the plaintiff, is entitled to an explanation if a public body rules against them. They need to be able to have it explained to them why the public body ruled against them so they can understand that. That didn't happen here, and it shouldn't. For purposes of review, the board president's statement is meaningless. It also appears that the board president used the wrong legal standard. He said they didn't show a significant direct educational welfare disadvantage, and that's an incorrect statement of the law. The law has two parts. 7-6I says that an annexation petition can be granted if there is a direct educational welfare benefit to the pupils. It's got to be a direct educational benefit. The amendment to the statute in 2016 was the addition of the word direct. To get detachment, you've got to show a direct educational welfare benefit to a pupil. In order to establish a case, if you want to do something else, which is to show the community of interest of the family, that is, their connection to the potentially annexing district, the community of interest would be as here. All my relatives lived in Redbud. Some of my relatives were on the Board of Education. My kids are in daycare in Redbud. I go to Redbud all the time. I never go to Waterloo. That's the community of interest. If you want to show that in your case, then you have to show that there would be a, quote, significant direct educational benefit to the children if annexation were allowed. If you don't want to do that, then you don't have to show a significant anything. Annexation is okay if you simply show a direct educational benefit, and that's what we suggest here. We're not conceding that the family isn't entitled to prove the community of interest and the whole child argument which they made, but I think that it's clear that the Board of School Trustees, Regional Board of Trustees, used the wrong real standard when they denied this by saying that they didn't show a, quote, significant direct educational benefit. A lesser standard is possible, that is, simply a direct educational welfare benefit is all that's required for annexation. Council, are you on this on this issue and the issue of the no findings effect by the Board? Are you asking this Court to remand the case on that issue? I'm asking the Court to do as it did in Fosdyke. Remand it to the Board with directions to the Board to grant the petition or words to that effect. Any questions? Thank you all. Your Honors, I'm Otto Falbaum and I represent the Waterloo Community Unit School District No. 5, who's the district that would be directly affected by the detachment, and so they were the with the petitioners. I think that when the Court thinks about, considers this issue of distance, you have to do it with the lens, within the context that's created by the statute. The language of the Act that became effective January 1, 2016, specifically in relation to distance, creates this threshold. And the threshold is that it must be, the statute talks about from the, it's easier just to read it, when the petitioners cite an annexing district attendance center or centers in the petition or during testimony. The Regional Board of School Trustees or Regional Board of School Trustees, Regional Board of School Trustees may consider the distance, the difference in the distance from the detaching area to the current attendance center and the cited annexing district attendance center only if the difference is no less than 10 miles shorter to one of the cited district attendance centers than it is to the corresponding attendance, current attendance center. I did misspeak during closing argument in the, before the Regional Board regarding this issue, but the statute is clear. It doesn't talk about bus commutes, it talks about the distance from their home to the attendance centers. There is no evidence at all of that. And my criticism, as you know, we're taking my motion to strike the exhibit that was created. My criticism of that exhibit is that it describes the circuitous rural bus route that folds back on itself several times as the bus is picking kids up at different farm locations and different rural locations. It has nothing to do with the distance between the petitioner's home and these two relevant attendance centers. The statute doesn't say a word about bus commute times. And so it creates this threshold. Mr. Kennedy talks about a variety of cases that exist talking about about two miles being material or four miles or eight miles in the in one of the cases. Those cases all predate the new statute. I didn't, I meant to and I didn't do it before I left home this morning. I was going to look and see if today there are any cases from the appellate court, the Supreme Court that interpret this new statute. There weren't the last time I looked. And as you understand, because of the way cases proceed, it's unlikely. This may be the first case that's been before any appellate court in the state of Illinois looking at the impact of detachment of the new statute. But the two miles clearly wouldn't be considered, could not be considered evidence by a regional board today. Four miles, eight miles couldn't be considered the difference because the statute says you don't even get to think about it unless you get to 10 miles. And so that's an important number. And so all these cases, if we were at or these issues about what that impact, the distance and the effects of distance, which is time, the travel time, obviously the longer the distance, the longer the travel time, none of that stuff is evidence in this case because we haven't hit the threshold. Let me stop it for just a second. When you're trying, I mean, probably the definition of distance for the statute is important, obviously. When you're saying that if it's not 10 miles, then you can't even address the issue. Are we talking about, since we're talking about farm community, using that vernacular, so what you're suggesting is the distance is measured as the pro flies from a person's house to the school? No, no, I'm not suggesting that at all. I'm because those are so arbitrary because you don't know where other people in the district live. But the question has to do, I believe that if the legislature intended bus commute times to be material, that's what it would say. Does the student have the right to transportation from their home to the school? Certainly. So then you're not talking about in the student's parent driving them. It's you're suggesting what the quickest route would be. I'm suggesting using the words of the statute. Not as a crow flies, but a realistic travel from your home to that. The shortest route available for public roads. Correct. And would it be the school's take that route? No, I don't believe so. But I believe that the legislature had to create some intended or did create some thumbnail threshold that starts the conversation about whether we held to. Counselor, I understand your argument. I just want to ask you this issue of the evidence presented at the hearing. Do you agree or not that the bus route, the actual bus route was presented into evidence as far as for both schools? Yes, yes. I don't dispute that. And I don't dispute that that map that Mr. Kennedy created following all this bus stops is probably realistic. I don't think it's inconsistent with the other information. I just think it's not what the statute contemplates. So I think if you look at the statutory factors, the new January 2016 scheme that was created, it's clear that the legislature in several instances established these for instance, the discussion about where my family goes to school, where my parents used to go to school, those community of interest kinds of discussions. The statute imposed a new threshold that says that you don't even talk about those whole child type, community of interest and whole child type factors unless the regional board first finds that there is a, again, it's better for me to use the, the community of interest of the petitioners and their children and the effect detachment will have on the whole child may be considered only if the regional board of school trustees or the regional boards of school trustees first determine that there would be a significant direct educational benefit to the petitioner's children if the change in boundaries were allowed. That's a new threshold. They have to establish that before the fact that grandma used to go to this school is relevant, will be considered, the fact that their cousins might go there. That, again, it's clear to me, if you read the new thresholds that are put into the statute, the legislature is making it more unlikely that people with detachments are going to be able to succeed unless they have met these various thresholds. Mr. Kennedy would have you ignore, in the oral announcement in the courtroom, the old Monroe County courtroom that you've tried some cases in where this hearing was held, the chairman or the president of the board stated as part of the announcement that they, there was no significant direct educational welfare advantage. I believe that's a factual finding that goes directly to this statutory factor, the exact words of the statute, a significant direct educational benefit. He said it slightly differently, but in my mind, that is what he was doing. He was making a factual finding that there isn't a significant direct educational benefit to these children. And that eliminates the community of interest and if we have the, and those whole child kind of discussions, and if we have the, follow the plain language of the legislature with regard to distance, we don't even consider distance, so they don't have any evidence that supports the detachment. Ultimately, Mr. Kennedy and I do agree that clearly erroneous is the standard of review and I believe that the regional board did a competent job, probably not a perfect job, but they did a competent job and there is some factual basis in the record that supports their judgment. And I believe that it's appropriate for this court to allow their decision to stand. What in particular, I mean, can you give us a very short example or a single example of the evidence that they used in their order, in their record, with regard to denying the annexation? I believe that, I believe that finding, that announcement that's in the, that was in the oral announcement, that's in the written finding, no significant direct educational welfare advantages. I believe that's a factual determination, a finding that supports their decision to deny the Ron's petition. Go ahead. Thank you, counsel. Thank you. Counsel? I will try to be brief. Waterloo has never said why it opposes this petition. It said the petitioners didn't do a good enough job putting their case on, but it's never said why the heck does it oppose this petition? That's the thing that I can't get over. The statute, you know, Waterloo has said, has admitted that it has no adverse impact on their finances. It has, both school districts will quote, provide a fine education, close quote. Mr. Falbaum, in his closing argument, described, you know, the ideal situation of being able to have a short, safe bus ride, be able to go to Girl Scouts and play volleyball, be with the family, that's what would happen, that's what the petitioners were asking for, which is absolutely the truth. So why does Waterloo oppose it? We don't know. It is true that the statute has, doesn't tell us how to calculate distance. I can tell you that there are no cases which calculate distance as the crow flies. I can't, I've looked at the cases, I can't find one that says you calculate distance by the closest car route. The Carver factors have been around for a couple of decades. There were other cases before it which said you can consider distance in detachment cases. As far as I know, none of them, none of them look at the closest car route. They all look at the bus route. In this case, we looked at the bus route, plugged in the numbers, typed it out, and it comes out to what we show the court, 50 miles round trip to Waterloo, 14 miles round trip to Redbud. Counsel is correct that if I argued today in the Jonesboro case that my kids were going to have to go on the bus two miles to the school in Jonesboro and that was a bad deal, I wouldn't be able to do that because the statute has been amended, I've got to show it's 10 miles plus whatever the walking distance is to Anna before I can even talk about the distance. But the point of that is that the court in the Jonesboro case and all the other cases have talked about the fact of distance having an adverse educational welfare impact on kids. It's hard to imagine that a 50 mile round trip for a kindergartner taking an hour and 10 minutes each way doesn't have an adverse educational impact on a kid. The parents said it would have an adverse educational impact on their kid. There was no evidence to the contrary. So I would respectfully request that the court do as it did in Fosdyke, which is to reverse the decision of the district court, remand the case to the regional board of trustees with directions to grant the petition for annexation and detachment. Thank you, counsel.